UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CHARLES WILTSHIRE,

                                Petitioner,

    v.

                                                    9:14-CV-0652
WILLIAM A. LEE,                                     (GLS)
                                Respondent.

---

APPEARANCES:                        OF COUNSEL:

CHARLES WILTSHIRE
09-A-5759
Petitioner, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. ERIC T. SCHNEIDERMAN          PRISCILLA I. STEWARD
New York StateAttorney General     Assistant Attorney General
120 Broadway
New York, New York 10271

GARY L. SHARPE
United States District Judge

## DECISION AND ORDER

## I.    INTRODUCTION

        Petitioner Charles Wiltshire filed a petition for a writ of habeas corpus and exhibits

pursuant to 28 U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet."); Dkt. Nos. 1-1 through 1-3,

Exhibits.[1]  He raises three substantive grounds for habeas relief: (1) trial counsel was

---

[1]  Petitioner's exhibits are the following state court records: Dkt. No. 1-1, *People v. Wiltshire*, No. 103088 (3d Dep't. Jun. 21, 2012); Decision and Order, Herrick, J., Jan. 26, 2014; Order, Lahtinen, J., Apr. 3, 2014; Order Denying Leave, Rivera, J., Apr. 14, 2014; Dkt. No. 1-2, Appellant's Brief; Dkt. No. 1-3, Exhibit A, Indictment; Exhibit B, Trial Transcript, Aug. 15, 2011; Dkt. No. 1-3, Affidavit in Support [C.P.L. §440.10(1)(b)(g)(h)].  These documents are also part of the state court record submitted by respondent.  Dkt. No. 12-1, State Court Record ("SR") at 361-92, 421-26, 431, 432-41, 442-44, 482-83.  For the sake of clarity, the Court will cite to Docket Number 12-1 for these documents.  The "SR" page numbers for the state court records filed at Docket Numbers

ineffective; (2) his sentence was excessive and the prosecutor failed to establish that he should have been sentenced as a predicate felon; and (3) he is "actually innocent."  Pet. at 7-12.[2]   Respondent William A. Lee opposes the petition.  Dkt. No. 11, Answer in Opposition to the Petition for a Writ of Habeas Corpus; Dkt. No. 11-1, Respondent's Memorandum of Law in Opposition to the Petition for a Writ of Habeas Corpus ("R. Mem."); Dkt. No. 12, State Court Records ("SR").  Petitioner filed a traverse.  Dkt. No. 16, Traverse.

For the reasons that follow, the petition is denied and dismissed.

## II.    RELEVANT BACKGROUND

Petitioner challenges a 2009 judgment of conviction, following a jury trial in Albany County Court, of second degree burglary, *see* N.Y. Penal Law § 140.25(1)(b); second degree robbery, *see* N.Y. Penal Law § 160.10(2)(a); and fifth degree criminal possession of stolen property, *see* N.Y. Penal Law § 165.40.  Pet. at 1; *People v. Wiltshire*, 96 A.D.3d 1227 (3d Dep't. 2012).  The charges stemmed from an incident that took place on March 21, 2009, at the home of Philemon Chavis in Albany County.  The Appellate Division, Third Department, briefly summarized the evidence adduced at trial:

> [Petitioner] was discovered by the victim in the victim's garage holding a pair of binoculars belonging to the victim.  A fight ensued between the two men, during which [petitioner] bit the victim's finger. After the police arrived and secured the area, the victim's wallet was discovered in the right front pocket of [petitioner's] jacket, which had come off during the altercation between [petitioner] and the victim. According to the arresting officer, [petitioner] made an oral admission at the scene and in the police vehicle in which he was transported to the police station.  After speaking with detectives, he also signed a written statement admitting to, among other things,

---

12 and 12-1 appear at the bottom center of each page.

[2]  The cited page numbers for the petition refer to those generated by the Court's electronic filing system.

> participating in the altercation.  He was subsequently indicted for the
> crimes of burglary in the second degree, robbery in the second
> degree, criminal possession of stolen property in the fifth degree and
> criminal mischief in the fourth degree.
> . . . Following a jury trial, [petitioner] was acquitted of the charge of
> criminal mischief in the fourth degree and was convicted of the
> remaining charges.

*Wiltshire*, 96 A.D.3d at 1228.  The specific facts are known to the parties and will be repeated

only to the extent necessary to address petitioner's claims for habeas relief.

Before sentencing, the People filed a predicate felony statement along with a pre-

sentence report, and asked that petitioner be sentenced as a second felony offender based

upon his prior second degree attempted burglary conviction.  Dkt. No. 12-3, Sentencing

Transcript, Nov. 12, 2009 at 3-4, 7-8[3]; *Wiltshire*, 96 A.D.3d at 1228, 1231.  Petitioner

admitted to the prior offense.  *Wiltshire*, 96 A.D.3d at 1228.  He was sentenced as a second

felony offender to concurrent determinate terms of fourteen years in prison followed by five

years postrelease supervision for burglary and robbery, and a concurrent, definite term of

one year in prison for the stolen property conviction.  Pet. at 1; R. Mem. at 10-11, Dkt. No.

12-3, Sentencing Transcript at 3-4, 7-8.

Petitioner appealed, arguing that trial counsel was ineffective because he failed to: (1)

ask leading questions on cross-examination of the People's witnesses; (2) object to the form

of some of the prosecutor's direct examination questions; (3) object to the prosecutor's

improper summation remarks; and (4) investigate Chavis for impeachment material.  Dkt. No.

12-1 at SR 361-82, 384-87.  He also argued trial counsel was ineffective because he opened

the door to the prosecutor's cross-examination of petitioner regarding the exact number of his

---

[3] The cited page numbers for all transcripts filed at Dkt. No. 12-2 and 12-3 refer to the original numbers appearing at the top right-hand corner of each page.

misdemeanor convictions. *Id.* at SR 382-84.  Finally, petitioner argued that his sentence was

excessive and that the People failed to establish that he should receive an enhanced

sentence. *Id.* at SR 387-91.  On June 21, 2012, the Appellate Division affirmed. *Wiltshire,*

96 A.D.3d at 1228-1231.  The New York Court of Appeals denied leave to appeal on April 14,

2014. *Wiltshire*, 22 N.Y.3d 1204 (2014).

In papers dated December 18, 2013, petitioner moved to vacate his conviction

pursuant to New York Criminal Procedure Law (CPL) § 440.10 based on newly discovered

evidence.  Dkt. No. 12-1 at SR 434-41, Affidavit in Support.  The People did not file any

papers opposing the motion.

On January 26, 2014, Albany County Court denied petitioner's motion without a

hearing.  Dkt. No. 12-1 at SR 442-44, Decision and Order, Herrick, J.  On March 18, 2014,

the Appellate Division denied petitioner's application for leave to appeal.  Dkt. No. 12-1 at SR

482-83, Order, Lahtinen, J.

This action followed.

## III.    DISCUSSION

### A.    Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal

court may grant habeas corpus relief with respect to a claim adjudicated on the merits in

state court only if, based upon the record before the state court, the state court's decision: (1)

was contrary to, or involved an unreasonable application of, clearly established federal law,

as determined by the Supreme Court of the United States; or (2) was based on an

unreasonable determination of the facts in light of the evidence presented in the State court

proceeding.  28 U.S.C. § 2254(d)(1), (2); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 1400

4

(2011); *Premo v. Moore*, 562 U.S. 115, 120-21 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam) (quoting *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks omitted)).

The Supreme Court has repeatedly explained that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with th[e Supreme] Court's precedents.'" *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)); *see Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013) (explaining that success in a habeas case premised on § 2254(d)(1) requires the petitioner to "show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'") (quoting *Richter*, 562 U.S. at 103)).

Additionally, AEDPA foreclosed "'using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2149 (2012) (per curiam) (quoting *Renico,* 559 U.S. at 779). A state court's findings are not unreasonable under § 2254(d)(2) simply because a federal habeas court reviewing the claim in the first instance would have reached a different conclusion. *Wood v. Allen*, 558 U.S. 290, 301 (2010). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." *Schriro*, 550 U.S. at 473. Finally, federal habeas courts must presume that the state courts' factual findings are correct unless a

5

petitioner rebuts that presumption with "'clear and convincing evidence.'"  *Schriro*, 550 U.S. at 473-74 (quoting § 2254(e)(1)).

>  **B.    Ground One: Ineffective Assistance of Counsel**

Petitioner argues in Ground One of his petition that trial counsel was ineffective because he: (1) failed to ask leading questions while cross-examining the People's witnesses; (2) failed to object to the form of some of the prosecutor's questions; (3) failed to object to the prosecutor's improper summation; (4) opened the door to the prosecutor's cross-examination of petitioner regarding his criminal history; and (5) failed to investigate Chavis, the prosecutor's key witness, for impeachment material.  Pet. at 7-8.  Respondent argues that three of these claims (1, 2 and 5 as numbered above) are unexhausted and procedurally defaulted.  R. Mem. at 16-18.  The Court agrees.

>  **1.  Claims 1, 2 and 5 Are Unexhausted and Procedurally Defaulted.**

An application for a writ of habeas corpus may not be granted until a petitioner exhausts all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254 (b)(1)(A), (B)(I), (ii).  The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]"  *Jimenez v. Walker*, 458 F.3d 130, 149 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, petitioner must do so both procedurally and substantively.  Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition.  Substantive exhaustion requires that the

6

petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. *See Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985); *Barton Fillion*, No. 9:03-CV-1377 (DNH/GJD), 2007 WL 3008167 at *5 (N.D.N.Y. Oct. 10, 2007).

Here, petitioner raised all of his ineffective assistance arguments on direct appeal, and the Appellate Division rejected them. Dkt. No. 12-1 at SR 373-387, Appellate's Brief; *Wiltshire*, 96 A.D.3d at 1228-30. Petitioner sought leave to appeal to the New York Court of Appeals, but he did not raise all of his ineffective assistance arguments in his leave application. Dkt. No. 12-1 at SR 427-30, Leave Letter. Instead, appellate counsel focused on only two of those claims: counsel's failure to object to the prosecutor's summation and that he opened the door to the prosecutor's cross-examination of petitioner regarding the exact number of his misdemeanor convictions. *See id.* Because appellate counsel argued only two of petitioner's claims at length in the leave application, and did not ask the Court of Appeals to review all claims raised in the Appellate Division, the remaining three ineffective assistance claims were not fairly presented to the New York Court of Appeals. Claims 1, 2 and 5 are, therefore, unexhausted. *See Galdamez v. Keane*, 394 F.3d 68, 74-75 (2d Cir. 2005) (claims properly exhausted where the "fair import of the total application suggests a request for review of all the issues argued to the Appellate Division.") (internal quotations and citation omitted); *Ramirez v. Atty. Gen., State of N.Y.*, 280 F.3d 87, 96, 97 (2d Cir. 2001)

(explaining that "the factual basis for an ineffective assistance claim must, like other issues, be presented to all relevant state courts" and "[r]eferences to attached briefs without more will preserve issues only if the Court of Appeals is clearly informed that the reference is asserting issues in those briefs as bases for granting leave to appeal."); *Jordan v. LeFevre*, 206 F.3d 196, 198 (2d Cir. 2000) ("Arguing a single claim at length and making only passing reference to possible other claims to be found in the attached briefs does not fairly apprise the state court of those remaining claims."); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991) (if a petitioner's leave application specifically requested review of only one claim, all other claims would be deemed procedurally defaulted, even though the petitioner included his appellate brief in which the other claims were raised).

There is no remaining avenue by which petitioner could properly exhaust claims 1, 2, and 5 in state court.  He cannot now file a direct appeal or leave application in order to exhaust them because a defendant is "entitled to one (and only one) appeal to the Appellate Division," and one application for leave to appeal to the Court of Appeals.  *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001); *Grey*, 933 F.2d at 120.  If petitioner filed a CPL § 440.10 motion in an attempt to exhaust them, the state court would have to deny the motion because the Appellate Division rejected all of the claims on the merits.  *Wiltshire*, 96 A.D.3d at 1228-30; *see* CPL § 440.10(2)(a) (a state court "must deny" a motion to vacate a judgment when "[t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue").  Since no remaining avenue exists in which petitioner could properly present his claims, claims 1, 2 and

5 are deemed exhausted but also procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Aparicio*, 269 F.3d at 90.

Procedurally defaulted claims are not subject to habeas review unless a petitioner shows cause for the default and actual resulting prejudice, or that the denial of habeas relief would result in a fundamental miscarriage of justice, *i.e.*, that he is actually innocent.  *House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) ("Actual innocence means factual innocence, not mere legal insufficiency." (citation omitted)).  To establish cause, petitioner must show that some objective external factor impeded his ability to comply with the relevant procedural rule.  *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012); *Coleman*, 501 U.S. at 753.  If a petitioner fails to establish cause, a court need not decide whether he suffered actual prejudice, because federal habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated.  *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (referring to the "cause-and-prejudice standard"); *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985) (same).

Petitioner does not assert any basis for finding cause to excuse the default of claims 1 and 2, and the Court discerns none.  *See Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (concluding that petitioner did not satisfy the cause and prejudice showing where he did not give any reason for failing to properly exhaust his federal claim in state court).  He does, however, argue that appellate counsel was ineffective for failing to adequately exhaust claim 5 and that trial counsel was ineffective for failing to investigate Chavis's background.  Dkt. No. 16, Traverse at 3-4.  The ineffectiveness of counsel for not raising or preserving a claim

in state court will be sufficient to show cause for a procedural default only when counsel was so ineffective that the representation violated the petitioner's Sixth Amendment right to counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Aparicio*, 269 F.3d at 91. But petitioner's apparent claim that appellate counsel was ineffective is not a ground for relief raised in his petition, and there is nothing in the record to indicate petitioner ever presented that argument to any state court. It may not, therefore, serve as "cause" to excuse a procedural default. *See Carrier*, 477 U.S. at 488-89 ("[The] exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal citation omitted). Because petitioner failed to establish cause, the Court need not decide whether he will suffer actual prejudice before foreclosing habeas review. *Id.* at 496; *Stepney*, 760 F.2d at 45.

Finally, petitioner argues in Ground Three of his petition that he is "actually innocent" based upon newly discovered evidence. Pet. at 8-12; Traverse at 1-6. As discussed in detail below, petitioner he has not proffered any new evidence that would make a reasonable jury doubt his guilt. *See Schlup*, 513 U.S. at 329 ("[A]ctual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.").

Without a showing of cause and prejudice, or a fundamental miscarriage of justice, this Court must bar consideration of three of petitioner's ineffective assistance claims.

### 2.    Claims 3 and 4 Do Not Warrant Federal Habeas Relief.

The Appellate Division rejected petitioner's remaining claims that counsel was

ineffective for failing to object to the prosecutor's comments during his summation and for opening the door to the prosecutor's cross-examination of petitioner regarding the exact number of his misdemeanor convictions. Pet. at 7-8. That decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

To demonstrate constitutionally ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of professional reasonableness, and but for counsel's alleged errors, the result of the proceedings would have been different, and as a result, petitioner suffered prejudice. *Premo*, 562 us at 121-22; *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Richter*, 562 U.S. at 791 (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted). A petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance [and] that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Even if a petitioner can establish that counsel was deficient, he still must show that he suffered prejudice. *Id.* at 693-94.

Meeting this burden is "never an easy task . . . [and] establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Premo*, 562 U.S. at 122 (citations and internal quotation marks omitted). When reviewing a state court's decision under section 2254, "[t]he question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*,

11

556 U.S. 111, 123 (2009) (internal quotation marks and citation omitted).  Federal habeas

courts "must guard against the danger of equating unreasonableness under *Strickland* with

unreasonableness under § 2254(d)" because "[w]hen § 2254(d) applies, the question is not

whether counsel's actions were reasonable." *Richter*, 562 U.S. at 105.  Instead, "the

question is whether there is any reasonable argument that counsel satisfied *Strickland* 's

deferential standard." *Id.*

    In this case, the record supports the Appellate Division's ruling that "counsel was

prepared, made appropriate pretrial motions, pursued a credible defense strategy, made

cogent opening and closing statements, vigorously cross-examined the People's witnesses

and obtained defendant's acquittal of one charge." *Wiltshire*, 96 A.D.3d at 1230; Dkt. No. 12-

2, Suppression Hearing Transcript, Aug. 3, 2009, at 2-26; Trial Tr. at 107-111, 129-31,141-

42, 154-58, 166-67, 179-80; Dkt. No. 12-3, Trial Tr. at 243-59, 280-86, 302-308, 336-38,

341-42, 361-62.  "[I]t is difficult to establish ineffective assistance when counsel's overall

performance indicates active and capable advocacy." *Richter*, 562 U.S. at 111.

    Despite counsel's overall effective performance, petitioner claims that counsel was

ineffective for failing to object to the prosecutor's reference in summation to Chavis's

religious beliefs as a Jehovah's Witness to bolster his credibility.  Pet. at 7.  In the context of

a habeas petition, the question is not whether counsel's failure to object constituted

ineffective assistance, but whether the Appellate Division unreasonably concluded that it was

not ineffective assistance.  *See Richter*, 562 U.S. at 101 ("The pivotal question is whether the

state court's application of the *Strickland* standard was unreasonable.").

    During his summation, the prosecutor made two references to Chavis's religion.  Dkt.

No. 12-3, Trial Transcript at 423 ("You have to believe that Philemon and Karen Chavis, two Jehovah's witnesses as they told you, put their hand on the Bible and lied. That doesn't make any sense, does it? It really doesn't."); 438 ("Who do you believe, Philemon Chavis or the defendant? Who do you believe, a man and his wife living on Garden Alley who try to keep a carriage house theme, whose house is on the historical register in Albany, try to keep the front of their house looking nice within the city limits, who are Jehovah's witnesses, who they both said they don't curse, or do you believe the credibility of the defendant with his 31 misdemeanor convictions, with his felony conviction, with his well-being on the line?"). The People conceded on appeal that "their reference to the victim's religious affiliation during summation was improper," but the Appellate Division ruled that "defense counsel's failure to object to such reference did not, in and of itself, render his representation ineffective." *Wiltshire*, 96 A.D.3d at 1229.

Counsel's decision regarding whether to object, "particularly during a prosecutor's summation, are generally considered strategic in nature and therefore not grounds for claims of ineffectiveness." *Persad v. Conway*, No. 1:05-CV-4199, 2008 WL 268812 at *15 (E.D.N.Y. Jan. 30, 2008) (citing *Franza v. Stinson*, 58 F. Supp. 2d 124, 148 (S.D.N.Y. 1999) (finding trial counsel's failure to object during summation to be a trial tactic and therefore not grounds for habeas relief) (further citation omitted)). It is true that in "some instances even an isolated error can support an ineffective-assistance claim if it is sufficiently egregious and prejudicial[.]" *Richter*, 562 U.S. at 111 (internal quotation marks and citation omitted). But given the evidence against petitioner, there is no reasonable probability that the outcome of the trial would have been more favorable to him if defense counsel objected to the prosecutor's isolated comments. *See Strickland*, 466 U.S. at 695 ("When a defendant

challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."); *Paige v. Lee*, No. 1:13-CV-1465, 2015 WL 1782299 at *6 (E.D.N.Y. Apr. 16, 2015) ("defense counsel's failure to object to the statements made by the prosecutor did not provide a complete and independent basis for the jury to find [p]etitioner guilty beyond a reasonable doubt."); *Jackson v. Conway*, 448 F. Supp. 2d 484, 492-93 (W.D.N.Y. 2006) (reference to the Bible was improper, but counsel was not ineffective for failing to object because it was "very possible that counsel made a reasonable strategic decision not to object to the comment in order to avoid drawing undue attention to it," and "in the context of the trial as a whole, the remark was not so egregious as to warrant the judge declaring a mistrial").  The Appellate Division's rejection of petitioner's effective assistance of counsel claim related to the prosecutor's summation was reasonable, and not contrary to, clearly established Supreme Court precedent.  *See Strickland*, 466 U.S. at 693-94.

The same is true of the Appellate Division's rejection of petitioner's claim that trial counsel was ineffective for opening the door to the prosecutor's questions about the exact number of petitioner's misdemeanor convictions.  *Wiltshire*, 96 A.D.3d at 1230.  Before trial, a hearing was held to determine what questions the prosecutor could ask petitioner on cross-examination regarding his criminal history.  The trial court ruled that the prosecutor could ask petitioner "if he had been convicted of a felony in July 1994 and 'well in excess of a dozen misdemeanor offenses' between December 1988 and May 2009."  *Id.*  The court's ruling precluded the prosecutor from "any further questioning regarding defendant's prior convictions so long as [petitioner] answered those questions affirmatively."  *Id.*  At trial,

counsel asked petitioner on direct examination if it was "fair to say" he had "about 12" misdemeanor convictions. Dkt. No. 12-3, Trial Transcript at 365. That question opened the door to the prosecutor challenging petitioner's credibility by eliciting from him that he was actually convicted of 31 misdemeanors. *Id.* at 394-95.

The Appellate Division ruled that counsel's question about petitioner's misdemeanor convictions was imprudently worded, but it was "likely a reasonable strategy, although ultimately unsuccessful, to bring out defendant's criminal history on direct examination in order to mitigate the more damaging effect such revelation would have had if it were elicited on cross-examination." *Wiltshire*, 96 A.D.3d at 1230. Under the highly deferential AEDPA standards applicable to ineffective assistance claims, this Court cannot say that the Appellate Division unreasonably applied *Strickland* in ruling that counsel's actions constituted sound strategy. *Richter*, 562 U.S. at 111-12; *see McKee v. United States*, 167 F.3d 103, 106 (2d Cir. 1999) ("Actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance and a court may not use hindsight to second-guess counsel's tactical choices.") (internal quotation and citations omitted); *Smith v. Unger*, No. 1:13-CV-5485, 2014 WL 2567099 at *19 (S.D.N.Y. Jun. 9, 2014) ("That a trial strategy ultimately fails does not in itself demonstrate that counsel was ineffective."), *adopted by* 2014 WL 7008949 (E.D.N.Y. Dec. 12, 2014); *Kliti v. Savage*, No. 1:07-CV-3168, 2013 WL 1192777 at *14 (E.D.N.Y. Mar. 22, 2013) (trial counsel's strategy of introducing otherwise inadmissible evidence to further theory that a witness was a "vengeful accomplice who wanted to falsely implicate Kliti in the robbery" was "risky," but "this Court cannot conclude that the Appellate Division unreasonably applied *Strickland* when viewing them as legitimate

tactical decisions to advance a reasonable trial strategy"); *Crowder v. Green*, No. 1:05-CV-2556, 2005 WL 2678811 at *8 (E.D.N.Y. Oct. 20, 2005) ("Although defense counsel's decision to ask the defendant about his criminal history was questionable trial strategy, the court cannot conclude that defense counsel's performance fell below reasonable professional standards.").

Even assuming counsel's performance was deficient, petitioner failed to demonstrate prejudice, *i.e.*, that but for counsel's errors, he would have been acquitted. *See Richter*, 562 U.S. at 104 ("It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding . . . . Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'") (quoting *Strickland*, 466 U.S. at 693, 697). As the Appellate Division noted, petitioner's answers to the prosecutor's questions about his misdemeanor convictions "reflected unfavorably on his credibility," but petitioner failed to show that "counsel could have foreseen this result or 'that counsel partook an inexplicably prejudicial course.'" *Wiltshire*, 96 A.D.3d at 1230 (quoting *People v Benevento*, 91 N.Y.2d 708, 713 (1998) (internal quotation marks and citations omitted)). Finally, any prejudice was minimized because the trial court instructed the jury that petitioner's prior convictions or criminal conduct were "not evidence" of his guilt or evidence that he was a "person who is disposed to commit crimes," and that the jury was "permitted to consider such conviction or conduct only to evaluate the [petitioner's] truthfulness." Dkt. No. 12-3, Trial Transcript at 457. A jury is presumed to follow the court's instructions. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

Based on the foregoing, ineffective assistance claims 3 and 4 are denied and dismissed.

16

## C.      Ground Two: Sentencing[4]

Petitioner argues in Ground Two of his petition that the fourteen-year sentence imposed by the trial court "is excessive and should be reduced in the interest of justice." Pet. at 8.  He also argues that the prosecutor failed to establish he should be subject to an enhanced sentence under New York Penal Law § 70.06(1)(b).  *Id.*

Petitioner's sentencing claims are not cognizable because the sentence imposed was within the range prescribed by state law, and his arguments enhanced sentence claim is based purely on state law.  Pet. at 8; *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Saracina v. Artus*, 452 F. App'x. 44, 46 (2d Cir. 2010) ("Whether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law, not a question of fact.  And it is well-established that '[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'") (quoting *Estelle*, 502 U.S. at 67-68); *Taylor v. Connelly*, 18 F. Supp. 3d 242, 268 (E.D.N.Y. 2014) ("An excessive sentence claim may not provide grounds for habeas corpus relief where a petitioner's sentence is within the range prescribed by state law.").  Therefore, the Appellate Division's determination that his sentence was not unduly harsh or excessive, and that he was properly adjudicated and sentenced as a predicate felon, was not contrary to, nor an unreasonable

---

[4] Respondent also argues that petitioner's sentencing claims are unexhausted and procedurally defaulted because they were not presented to the New York Courts in federal constitutional terms.  R. Mem. at 17.  He also argues that petitioner's claim that he was improperly sentenced as a predicate offender is barred by an adequate and independent state court ground because the Appellate Division ruled it was unpreserved based upon his failure to object on that ground at sentencing.  *Id.* at 31; *see Wiltshire*, 96 A.D.3d at 1231.  Because the sentencing claims are not cognizable and are being denied on that ground, the Court declines to address these additional grounds for dismissal.

application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1). His sentence therefore cannot be grounds for habeas relief, and Ground Two of the petition is denied and dismissed.

### D.    Ground Three: Actual Innocence

Petitioner argues in Ground Three of his petition that: (1) he is actually innocent based upon what he characterizes as "newly discovered evidence," and (2) the state court should have granted his CPL § 440.10 motion because the prosecutor did not file papers opposing it and therefore conceded his claims under New York law. Pet. at 8-12.

The United States Supreme Court has not "resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggan v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *see Herrera v. Collins*, 506 U.S. 390, 405 (1993) (holding that habeas corpus review does not extend to "freestanding claims of actual innocence"). To date, a showing of actual innocence serves merely as a gateway to the airing of procedurally defaulted or time-barred claims. *See McQuiggan*, 133 S. Ct. at 1931; *Herrera*, 506 U.S. at 400 ("[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

In 2006, the Supreme Court stated that *Herrera* left open the possibility that "in a capital case a truly persuasive demonstration of 'actual innocence' made after trial would render the execution of a defendant unconstitutional, and warrant federal habeas relief if there were no state avenue open to process such a claim." *House*, 547 U.S. at 554 (quoting *Herrera*, 506 U.S. at 417). In describing this "hypothetical freestanding innocence claim," the Court in *House* noted that the burden of proving it "would necessarily be extraordinarily high"

18

and would "require[] more convincing proof of innocence than *Schlup*." *Id.* at 554-55.  Even if the claim hypothesized in *Herrera* and *House* might also exist in the non-capital context, petitioner has not come close to meeting its "extraordinarily high" standard.  *See id.* (holding that although *House* made a credible showing of actual innocence to excuse a procedural bar by calling into doubt the forensic proof of blood and semen connecting him to the crime and by producing evidence that a different, unrelated suspect may have committed the crime, that showing "falls short of the threshold implied in *Herrera*" necessary to support the hypothetical freestanding claim of innocence).

Newly discovered evidence will warrant habeas relief only if it bears "upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Herrera*, 506 U.S. at 404.  This is so because federal habeas courts do not sit to correct errors of fact but, rather, to "ensure that individuals are not imprisoned in violation of the Constitution[.]" *Morris v. Duncan*, No. 9:03-CV-1428 (TJM/VEB), 2007 WL 2815632 at *11 (N.D.N.Y. Sept. 25, 2007) (quoting *Herrera*, 506 U.S. at 400 (citing cases)).  Petitioner has not set forth any independent constitutional violation in Ground Three of his petition aside from a free-standing claim of actual innocence.  See Pet. at 2-6.  Therefore, this ground for relief must be denied.  *See Chandler v. Girdich*, No. 1:04-CV-432, 2007 WL 1521128 at *4 (W.D.N.Y. Apr. 25, 2007) (denying petitioner's claim of newly discovered evidence in the form of a video recording of another person confessing to the crime for which he was convicted because petitioner did not explicitly allege any independent constitutional error), *adopted by* 2007 WL 1470165 (W.D.N.Y. May 18, 2007).

Even assuming habeas relief was available for a free-standing actual innocence claim,

petitioner has not met his burden.  Petitioner must establish that "in light of new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329); *see House*, 547 U.S. at 536-37 (petitioners "asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt'") (quoting *Schlup,* 513 U.S. at 327).  In other words, petitioner must support his actual innocence claim "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004) (quoting *Schlup*, 513 U.S. at 324).  This standard "is demanding and permits review only in the 'extraordinary' case."  *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327) (further citations omitted).

Here, petitioner raised his "newly discovered evidence" claims regarding Chavis in his CPL § 440.10 motion.  Dkt. No. 12-1 at SR 432-41.  He cited to newspaper accounts indicating that: Chavis was arrested on March 14, 2011 for the attempted murder of Chavis's wife; on June 22, 2011, Chavis pleaded guilty to first degree assault in exchange for a sentence of nineteen years in prison; Chavis suffered from paranoia, was "heavily dependent on Hydrocodone, and suffered from anxiety and depression"; and Chavis's neighbors were aware of his alleged mental health issues.  *Id.* at SR 435-37.  Petitioner argued that this information was relevant to Chavis's credibility.  *Id*. at SR 437-39.[5]

---

[5]  It is worth noting that petitioner stated in his motion that the prosecutor improperly withheld the information about Chavis in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and he repeated appellate counsel's argument on direct appeal that trial counsel was ineffective for not investigating Chavis's background.  Dkt. No. 12-1 at SR 432-41.  In the section marked "Memorandum of Law," petitioner focused on Chavis's credibility only.  *Id.* at SR 438-39.  The trial court did not address the *Brady* or ineffective assistance arguments,

Albany County Court rejected petitioner's claims, finding that the allegations as to [Chavis's] subsequent legal issues" were "collateral to the issues raised at" petitioner's trial. Dkt. No. 12-1 at SR 442-43, Decision and Order, Herrick, J.  The court further ruled that "the evidence would not likely change the result of the trial if a new trial were granted." *Id.* at SR 443.[6]  Those findings are supported by the record.

Contrary to petitioner's apparent argument, the proof against him did not consist solely of Chavis's testimony.  *See* Traverse at 1-2.  Instead, the People presented evidence that Rebecca Picasso, one of Chavis's neighbors, saw petitioner walking up the street carrying a beer bottle in his hand minutes before Chavis encountered petitioner in his garage. Dkt. No. 12-2, Trial Tr. at 273-75.  A beer bottle that did not belong to Chavis or his wife was found in Chavis's garage.  Dkt. No. 12-1, Trial Tr. at 215-16.  Karen Chavis and her neighbors saw petitioner fighting with Chavis as Chavis was telling them to call police.  Dkt. No. 12-1, Trial Tr. at 147-49; Dkt. No. 12-2, Trial Tr. at 275-76, 289-93, 356-57.  Chavis's wallet, which he stated was in the trunk of his car in his garage, was found in petitioner's right jacket pocket. Dkt. No. 12-1, Trial Tr. at 121-22.  Petitioner told police that as he was walking past Chavis's house, he noticed some black packages near the side of a vehicle, next to a garage.  Dkt.

---

instead apparently interpreting the entire motion as one based only on newly discovered evidence.  Dkt. No. 12-1 at SR 442, Decision and Order, Herrick, J.  Petitioner does not repeat the *Brady* or ineffective assistance claims in Ground Three of his petition.  Pet. at 8-12.  In his Traverse, however, he appears to argue the prosecutor committed misconduct by not disclosing information about Chavis.  Dkt. No. 16, Traverse at 1-2.  A traverse or reply "is not the proper pleading in which to raise additional grounds for habeas relief."  *Parker v. Duncan*, No. 9:03-CV–0759 (LEK/RFT), 2007 WL 2071745 at *6 (N.D.N.Y. July 17, 2007); Rule 2(c)(1), Rules Governing Section 2254 Cases in the United States District Courts ("[t]he petition must ... specify all the grounds for relief available to the petitioner.").  The Court therefore declines to consider any additional claims raised for the first time in petitioner's Traverse.  *Parker*, 2007 WL 2071745 at *6; *Voymas v. Unger*, No. 6:10-CV-6045, 2011 WL 2670023 at *13 (W.D.N.Y. Jul. 7, 2011); *Lee v. Greene*, No. 9:05-CV-1337, 2010 WL 5779440 at *5 (N.D.N.Y. Dec. 15, 2010).

[6] As previously noted, the Appellate Division denied petitioner's request for leave to appeal. Dkt. No. 12-1 at SR 482-83, Order, Lahtinen, J.

No. 12-1, Trial Tr. at 169-70.  Petitioner also stated that he picked up one of the packages, which was a set of binoculars.  Chavis approached him and stated the binoculars were his, and petitioner dropped them and tried to walk away, but the man grabbed him and a fight ensued.  *Id.* at 170-71.  Petitioner also admitted to biting Chavis's finger.  *Id.*  In light of the evidence presented at trial, the trial court reasonably concluded that Chavis's legal issues, apparent anxiety, and the fact that he was taking medication would not likely change the result of petitioner's trial.  *House,* 547 U.S. at 536-37; *Schlup,* 513 U.S. at 327.

Petitioner's argument that the trial court should have granted his CPL § 440.10 motion because the prosecutor failed to file papers opposing it and, therefore, conceded his claims, is not cognizable on habeas review.  Habeas relief does not lie for alleged errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Estelle,* 502 U.S. at 67-68.

To the extent that petitioner asks this Court to stay this case and to compel the People to answer the claims in his CPL § 440.10 motion, to order an evidentiary hearing, and to conduct discovery into Chavis's background, Traverse at 5-6, those requests are denied.  In cases where a petitioner's federal habeas claims were presented to the state courts and rejected on the merits, a district court's ability to take new evidence is strictly limited.  The Supreme Court recently held that

> review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.  Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.

*Cullen*, 131 S. Ct. at 1398.  The Supreme Court further held that "evidence introduced in

federal court has no bearing on § 2254(d)(1) review.  If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must "overcome the limitation of § 2254(d)(1) on the record that was before that state court."  *Id.* at 1400. Additionally, by its own terms, § 2254(d)(2) restricts federal habeas review to the state court record.  *See* 28 U.S.C. § 2254(d)(2) (contemplating relief based on an "unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added).

Here, as noted, petitioner's claims regarding Chavis were presented to the state courts and rejected on the merits, and the Appellate Division denied leave to appeal.  Review of the state court decisions is, therefore, limited to "the state-court record."  *Cullen*, 131 S. Ct. at 1399.  Accordingly, the information petitioner seeks regarding Chavis could not be considered by this Court, and his request for discovery is denied with prejudice.  *See id.* at 1401 ("we conclude that the Court of Appeals erred in considering the District Court evidence in its review under § 2254(d)(1)").

Petitioner's request for an evidentiary hearing is denied for the same reasons.  This Court could not consider any new evidence developed at an evidentiary hearing that related to any claims adjudicated on the merits by the state courts.  *Cullen*, 131 S. Ct. at 1401; *see Assadourian v. Brown*, 493 F. App'x. 223, 225 n. 1 (2d Cir. 2012) ("We acknowledge that, in light of the Supreme Court's subsequent holding that review under § 2254(d) is to be limited to the record before the state court, . . . the district court erred in holding an evidentiary hearing as to the issue of prejudice [in the context of ineffective assistance claim].") (internal citation omitted).  Finally, to the extent petitioner request that the Court appoint counsel to assist at a hearing, that request is denied as moot.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DENIED and DISMISSED;** and it is further

**ORDERED** that no Certificate of Appealability shall issue because petitioner failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires[7]; and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

September 15, 2015
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

[7]  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation" (citation omitted)).

24